# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 15-60486
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 5, 2016

Lyle W. Cayce
Clerk

JERRE BREWER, Administrator of the Estate of Kyle W. Brewer, Deceased,

Plaintiff-Appellant

v.

LIBERTY MUTUAL INSURANCE COMPANY; U.S. XPRESS, INCORPORATED,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi, Hattiesburg
USDC No. 2:14-CV-95

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Jerre Brewer ("Appellant"), Administrator of the Estate of his deceased father, Kyle Brewer ("Decedent"), appeals the summary judgment of the district court dismissing all claims against Defendants-Appellees, Liberty Mutual Insurance Company ("LM") and U.S. Xpress, Incorporated ("USX"). That court reasoned that the General Release and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60486

Settlement of All Claims (the "Release") executed by the parties in reference to all "past and present, or future medical expenses or workers' compensation benefits, or any other damages arising out of or in any way connected with any personal injuries" sustained by Decedent while employed by USX "or subsequent thereto, or while seeking benefits under the Mississippi Workers' Compensation Act for that injury … or otherwise" was both unambiguous and sufficiently broad to cover the claims of Decedent, as now prosecuted by Appellant, for bad faith denial of workers' compensation benefits by USX and LM.

Our review of the record on appeal satisfies us that the conclusion reached by the district court is correct and free of error, to wit: "Because the language of the Release clearly and unambiguously discharges and releases Defendants from any and all claims relating to or arising out of the work accident, the bad faith and emotional distress claims brought by Plaintiff in this case are barred." Therefore, the District Court's Final Judgment of June 9, 2015, is

AFFIRMED.